IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NATHANIEL RILEY, # 235082,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HENRY MCMASTER, ATTORNEY GENERAL<br>OF SOUTH CAROLINA;<br>LYNN DUNN, RECORDS CLERK FOR<br>SOUTH CAROLINA DEPARTMENT OF<br>PROBATION, PAROLE & PARDON<br>SERVICES; AND<br>JON OZMINT, DIRECTOR OF SCDC,<br><br>                    Defendants. | Civil Action No. 3:04-22827-HMH-JRM<br><br><br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff filed this action on November 1, 2004.[1] At the time he filed this action, he was an inmate at the Manning Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He is currently an inmate at the Coastal Pre Release Center. Defendant Julie Dunn ("Dunn")[2] filed a motion to dismiss or in the alternative for summary judgment on December 22, 2004. Plaintiff, because he is proceeding pro se, was advised on December 28, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition to summary judgment on

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] Dunn states that she has been misidentified as "Lynn" Dunn. See Dunn's Answer, Paragraph 3.

January 31, 2005. On February 18, 2005, Defendants Jon Ozmint ("Ozmint") and Henry McMaster ("McMaster") filed a motion for summary judgment. A second Roseboro order was filed on March 2, 2005. Plaintiff filed a response on March 10, 2005.[3]

## MOTION FOR DEFAULT JUDGMENT

On February 4, 2005, Plaintiff filed a motion for default judgment against Defendant McMaster. He asserts that his motion should be granted because McMaster was served on December 12, 2004, and the time in which McMaster was allowed to responsively plead has expired.

There is no indication that Plaintiff served this motion on Defendants.[4] Further, there is no indication that McMaster is in default. Service was returned unexecuted as to McMaster on December 2, 2004. See Process Receipt and Return filed December 20, 2004. McMaster has now filed a motion for summary judgment. It is, therefore, recommended that Plaintiff's motion for default judgment (Doc. 18) be denied.

---

[3] Plaintiff has also filed other various motions, which also appear to include arguments and materials responsive to Defendants' motions to dismiss and/or for summary judgment. The undersigned has also considered these materials in preparing this report and recommendation.

[4] The Federal Rules of Civil Procedure require:
Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders…, every paper relating to discovery required to be served upon a party unless the court otherwise orders,… shall be served upon each of the parties.
Fed. R. Civ. P. 5(a). Additionally, "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service…." Fed. R. Civ. P. 5(d).

MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed numerous motions in which he appears to request injunctive relief. On January 18, 2005, Plaintiff requests that the Court "grant his release from an unconstitutional confinement." Plaintiff's January 18, 2005 Motion. On January 31, 2005, he repeats his request that he be released from "unconstitutional detention." Plaintiff again requests his release in his March 10, 2005 motion. Additionally, on April 5, 2005, Plaintiff filed a motion in which he again requests his release.[5]

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c) the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977). The two most

---

[5]Plaintiff bases this motion on a brief submitted by SCDC to the South Carolina Administrative Law Court which appears to contain a scrivener's error (the brief also repeatedly refers to an inmate named Ford and circumstances which appear to be irrelevant to Plaintiff) that Plaintiff will "max-out" his sentence on December 22, 2004. The sentence calculation sheets attached to the brief, however, provide a release date of December 22, 2006 (which is the release date for Plaintiff discussed by Defendants Ozmint and McMaster in their motion for summary judgment and in their May 25, 2005 reply).

3

important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted.  Manning, 119 F.3d at 263; North Carolina State Ports Authority, 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly.  The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits.  Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief."  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

As is discussed further below, it is unlikely that Plaintiff will prevail on his claims, and it is unlikely that he will suffer irreparable injury if injunctive relief is not granted.  It is, therefore, recommended that Plaintiff's motions for a preliminary injunction (Docs. 14, 17, 24 and 29) be denied.

## MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Plaintiff was sentenced on January 30, 1997, to a total of fifteen years on charges of purchasing crack cocaine, purchasing crack cocaine in proximity to a school, and resisting arrest. He was released on parole on March 1, 2000, but was terminated from parole on June 10, 2004, after a warrant was issued for his arrest for violating the conditions of his parole.  Michael Stobbe Aff.  (Attachment to McMaster and Ozmint Motion for Summary Judgment).   Plaintiff was incarcerated again on June 22, 2004.  Michael Stobbe, who is employed by SCDC in the Inmates' Record Branch, states that Plaintiff did not receive any good-time credits or other credits during his time of parole; Plaintiff got no credit for the period of June 10 (issuance of arrest warrant) to June 22, 2004 (incarceration); and his new projected release date is December 22, 2006.

Plaintiff alleges that he originally was only required to serve 50% percent of his sentence before he "maxed-out", but now is required to serve 66% of his sentence. He seeks an "official copy" of his records, an explanation as to why the amount of time he has to serve has allegedly been increased, and his release from incarceration.

Defendant Dunn argues that her motion to dismiss, or in the alternative for summary judgment, should be granted because Plaintiff fails to state a cause of action for which relief can be granted against her and she is entitled to Eleventh Amendment immunity in her official capacity. Defendants McMaster and Ozmint argue that they are entitled to summary judgment because Plaintiff has not exhausted his state court remedies.

1.     Dunn-Failure to State a Claim

Defendant Dunn argues that Plaintiff fails to state a claim against her because she, as an employee of the South Carolina Department of Probation, Parole and Pardon Services, has no authority to release records belonging to SCDC. She also argues that Plaintiff fails to allege facts sufficient to show a deprivation of rights, privileges, or immunities because it appears that Plaintiff's release date is now projected further into the future because he did not receive additional credits during his time on parole.

Plaintiff fails to state a claim against Dunn as he fails to show that she was involved in any of the alleged actions. In his response to Dunn's motion to dismiss, Plaintiff merely reiterates his claims that he is being unconstitutionally confined and does not address Dunn's arguments other than to state she was only doing her assigned job and that he does not seek monetary damages against her. Plaintiff's January 28, 2005 Opposition to Summary Judgment.

5

2.   Exhaustion of Remedies

Although Plaintiff now attempts to claim that he is merely seeking monetary damages and not habeas corpus relief (see Plaintiff's June 15, 2005 affidavit),[6] he has repeatedly requested as relief that he be released from prison. See, e.g., Complaint, at 4 (asking for release from "unconstitutional confinement.") and January 28, 2005 Response (requesting immediate release). As Plaintiff is implicating the duration of his confinement, he is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff has not presented his claims pursuant to 28 U.S.C. § 2254 and he has not shown that he has satisfied this exhaustion requirement.[7]

Additionally, the Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994), determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based. The court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

---

[6] In the June 15, 2005 affidavit, Plaintiff appears to be attempting to litigate a claim that his convictions and sentences constituted double jeopardy. The Court addressed this issue in a previous action filed by Plaintiff. See Riley v. South Carolina, 82 F.Supp. 2d 474 (D.S.C. 2000).

[7] See also S.C. Code Ann. § 17-27-20 (PCR proceedings).

6

>or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487.  Here, Plaintiff has not shown that his conviction or sentence has been invalidated.

Even if Plaintiff's claims do not implicate his confinement, he fails to show that he exhausted his administrative remedies.[8] In his complaint, he stated that he filed a grievance concerning his claims in September 2004, but had not received a final agency, departmental, or institutional answer concerning his grievance.  Complaint at 2.  In response to the Court's Special Interrogatories, Plaintiff stated that his grievance was not pending and that his paperwork suddenly appeared to be "nonexistent" and that no one would respond to him.  He also stated that he had not filed a suit under the South Carolina Administrative Procedures Act under Al-Shabazz v. State, 527 S.E.2d 742 (S.C. 2000)[9] concerning his claim that SCDC has enhanced his sentence.

---

[8]"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). SCDC Policy GA-01.12 "Inmate Grievance System" provides that inmate complaints are grievable by inmates. In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the SCDC met the standards required by 42 U.S.C. § 1997e(a). See Orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C. May 9, 1996), and SCDC Policy Statement 10.01 (May 1, 1996). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. Booth v. Churner, 532 U.S. 731, 741 (2001).

[9]In Al-Shabazz v. State, 527 S.E.2d 742 (S.C.1999), the South Carolina Supreme Court outlined the administrative remedies available to a state prisoner for obtaining review of a final decision of the SCDC in a non-collateral or administrative matter. The inmate must first file a grievance, whether he challenges a disciplinary outcome, calculation of sentence-related credits, custody status, or other condition of imprisonment. Id. at 753 ("initiating a grievance is the method an inmate uses to challenge such decisions within the prison system"). Once a final
(continued…)

Plaintiff's November 19, 2004 Answer to Court's Special Interrogatories. In his May 31, 2005 affidavit, however, he appears to acknowledge that he has an action pending before the South Carolina Administrative Law Judge Division. See Plaintiff's May 31, 2005 Aff. and Attachments.

3.  Immunity

Dunn argues that she is entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the

---

[9](…continued)
decision has been made by the SCDC, an inmate in certain cases may seek review by a South Carolina Administrative Law Judge ("ALJ"), who "sits in an appellate capacity to review [SCDC's] decisions." Id. at 754.

8

Eleventh Amendment immunity.  Id. at 70.  In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state.  State officials may only be sued in their individual capacities.  Therefore, Defendant Dunn is entitled to Eleventh Amendment immunity in her official capacity from any claims for monetary damages.

## CONCLUSION

Based upon review of the record, it is recommended that Plaintiff's motions for preliminary injunctive relief (Docs. 14 [motion for miscellaneous relief], 17 [motion for miscellaneous relief], 24 [motion to be released], and 29 [Motion for Court to stop Defendants' practice of holding and confining Plaintiff beyond limit set forth in the United States Constitution]) be denied and his motion for default judgment (Doc. 18) be denied.  It is also recommended that the motion to dismiss of Defendant Dunn (Doc. 8) be granted and the motion for summary judgment of Defendants McMaster and Ozmint (Doc. 21) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

June 28, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
