IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nathaniel Riley, #235082, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 3:04-22827-HMH-JRM |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Henry McMaster, Attorney General of ) | |
| South Carolina; Lynn Dunn, Records Clerk ) | |
| for South Carolina Department of ) | |
| Probation, Parole & Pardon Services; and ) | |
| Jon Ozmint, Director of SCDC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1]  Nathaniel C. Riley ("Riley"), proceeding pro se, seeks release from prison and damages for alleged violations of his constitutional rights.  Riley filed a motion for default judgment against Defendant Henry McMaster ("McMaster"), and a motion for preliminary injunction, granting him release from prison.  Defendant Julie Dunn ("Dunn") filed a motion to dismiss, or, in the alternative, for summary judgment on December 22, 2004, and on February 18, 2005, Defendants Jon Ozmint ("Ozmint") and McMaster filed a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

motion for summary judgment. Roseboro orders were filed as to Dunn's and Ozmint and McMaster's motions. In the Report and Recommendation, Magistrate Judge McCrorey recommends denying Riley's motions for default judgment and preliminary injunction and granting Dunn's motion to dismiss and Ozmint and McMaster's motion for summary judgment.

Riley filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Riley's objections are non-specific and unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely restate his claims. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Riley's motions for preliminary injunction, Document numbers 14, 17, 24, and 29, and for default judgment, Document number 18, are denied. Further, it is

**ORDERED** that Dunn's motion to dismiss, Document number 8, and Ozmint and McMaster's motion for summary judgment, Document number 21, are granted. Further, it is

**ORDERED** that all other motions are denied as moot.

**IT IS SO ORDERED**.

                    s/ Henry M. Herlong, Jr.
                    United States District Judge

Greenville, South Carolina
August 8, 2005

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.